UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kyle Jackson,                                            Case No. 3:19-cr-418

             Petitioner–Defendant,

v.                                                    MEMORANDUM OPINION
                                                               AND ORDER

United States of America,

             Respondent–Plaintiff.

## I.     INTRODUCTION

Petitioner Kyle Jackson filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because his sentence was procedurally unreasonable and was enhanced by irrelevant conduct. (Doc. No. 40). The government opposed Jackson's motion. (Doc. No. 42). Jackson filed a brief in reply. (Doc. No. 43). For the reasons stated below, I deny Jackson's motion.

## II.     BACKGROUND

On June 19, 2019, Jackson was charged by criminal complaint with illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). A task force officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), averred that on June 14, 2019, officers with the Toledo Police Department conducted a traffic stop on a vehicle in which Jackson was a passenger. The driver of the vehicle was arrested for operating a motor vehicle without a license and Jackson and the other passengers were asked to exit the vehicle so that it could be towed from the scene of the traffic stop. (Doc. No. 1-1 at 1-2). When Jackson exited the vehicle, officers observed a loaded .380 caliber pistol under his left leg. (*Id.* at 2). Jackson had a prior conviction for

aggravated assault in violation of Ohio law, a fourth-degree felony, as well as for being a felon in possession of a firearm in violation of § 922(g)(1). (*Id.*).

Jackson subsequently was charged by indictment with violating § 922(g)(1). (Doc. No. 11). He filed a motion to suppress the firearm, (Doc. No. 13), which I denied following a hearing. (Doc. No. 17). Jackson later pled guilty to the sole count of the indictment. (*See* non-document entry dated February 9, 2021). I then sentenced him to 66 months in custody, followed by a 3-year term of supervised release. (Doc. No. 27).

Jackson later filed a notice of appeal, which the United States Court of Appeals for the Sixth Circuit dismissed as untimely. (Doc. Nos. 29 and 38). He then filed his timely motion to vacate his sentence pursuant to § 2255.

### III.   ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

Jackson presents two grounds for relief. In the first, he contends I imposed a procedurally unreasonable sentence when I applied an enhancement allegedly arising "from an event that occurred a whole day prior to the traffic stop and [which was] not included in the indictment," and a second enhancement which Jackson contends was "state law" and "not originally recognized or accepted by the [presentence investigation report] writer." (Doc. No. 40 at 4). His second ground

2

involves a related claim that the "government failed to prove [an] event [at a gun range] from the day before [the] offense was relevant conduct." (*Id.* at 5).

The government argues I must deny Jackson's motion to vacate his sentence because his claims involve alleged errors in the calculation of the Sentencing Guidelines and do not present any constitutional errors.[1] (Doc. No. 42 at 5-8). I agree.

A defendant's challenge to the calculation of the appropriate sentencing guideline range "only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence [he] received." *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011). Defendants "cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) (citations omitted).

Jackson has not raised a claim of constitutional error in his § 2255 motion. Therefore, his claims are "cognizable only if they involve[] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 189 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Courts have found this "fundamental defect" to be present if the defendant has been sentenced to a term in excess of the statutory maximum sentence. *Snider*, 908 F.3d at 189 (citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)). The maximum term of imprisonment applicable in this

---

[1] In the opening paragraph of its opposition brief, the government states Jackson "raises a claim of ineffective assistance of counsel in connection with discovery and plea proceedings." (Doc. No. 42 at 1). Jackson seizes on this statement to argue, in the conclusion of his reply brief, that he is entitled to relief because "the government has not shown that I didn't have ineffective assistance of counsel." (Doc. No. 43 at 2). But Jackson did not include an ineffective assistance claim in his motion to vacate, (*see* Doc. No. 40), and he cannot add a new claim by mentioning it for the first time in his reply brief. *See, e.g., Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (holding that, where petitioner's "argument was first presented in [petitioner's] traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it").

case is 10 years. 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jackson's sentence of 66 months in prison falls well below the maximum.

Jackson has not made a constitutional challenge to the advisory guideline calculation in this case or established there is a fundamental defect resulting in a complete miscarriage of justice and, therefore, he fails to state a cognizable claim for relief under § 2255.

## IV. Conclusion

For these reasons, I deny Jackson's § 2255 motion. (Doc. No. 40). Further, I conclude Jackson has not made a substantial showing of the denial of a constitutional right and I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge